**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| U.S. Well Services, Inc., and U.S. Well Services, LLC, | |
| Plaintiffs, | Case No. 6:21-cv-00367-ADA |
| v. | |
| Halliburton Company, and Cimarex Energy Co., | **JURY TRIAL DEMANDED** |
| Defendants. | |

<u>**PLAINTIFF U.S. WELL SERVICES, LLC'S AMENDED ANSWER TO DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S AMENDED COUNTERCLAIMS AND HALLIBURTON AND HALLIBURTON US TECHNOLOGIES, INC.'S COUNTERCLAIMS**</u>

Plaintiff U.S. Well Services, LLC ("USWS") hereby files its Amended Answer to Defendant Halliburton Energy Services, Inc.'s ("Halliburton") Amended Counterclaims and its Answer to Halliburton and Halliburton US Technologies, Inc.'s ("Halliburton Technologies") Counterclaims, filed together on July 29, 2021.  Dkt. 45.  USWS denies all allegations in Halliburton's Amended Counterclaims and Halliburton & Halliburton Technologies' Counterclaims unless specifically admitted herein.  USWS reserves the right to raise additional defenses based on discovery and further factual investigation in the case.  USWS answers as follows:

<u>**HALLIBURTON'S COUNTERCLAIMS**[1]</u>

1.      USWS admits that Halliburton is asserting its Counterclaims against USWS pursuant to Rule 13 of the Federal Rules of Civil Procedure.

---

[1] The headings in Halliburton's Amended Counterclaims and Halliburton & Halliburton Technologies' Counterclaims are reproduced herein for convenience.  To the extent such headings include or infer allegations, they are denied.

**PARTIES**

2.      Admitted.

3.      Admitted.

**JURISDICTION AND VENUE ALLEGATIONS**

4.      USWS does not dispute that subject matter jurisdiction is proper for purposes of this action.  USWS denies any remaining allegations of Paragraph 4 of Halliburton's Amended Counterclaims.

5.      USWS does not dispute that personal jurisdiction is proper in this District for purposes of this action.  USWS denies any remaining allegations of Paragraph 5 of Halliburton's Amended Counterclaims.

6.      USWS does not dispute that venue in this District is proper for purposes of this action.  USWS denies any remaining allegations in Paragraph 6 of Halliburton's Amended Counterclaims.

**HALLIBURTON'S COUNTERCLAIMS
FOR DECLARATORY JUDGMENT**

7.      USWS admits that, in its Complaint for patent infringement, USWS alleges that Halliburton infringes U.S. Patent No. 9,410,410 ("the '410 Patent", 10,337,308 ("the '308 Patent"), 9,970,278 ("the '278 Patent"), 9,611,728 ("the '728 Patent"), 8,789,601 ("the '601 Patent"), 9,745,840 ("the '840 Patent"), and 10,408,030 ("the '030 Patent") (collectively, the "Asserted USWS Patents").   USWS denies any remaining allegations in Paragraph 7 of Halliburton's Counterclaims.

8.      USWS denies the allegations of Paragraph 8 of Halliburton's Amended Counterclaims.

9.     USWS denies the allegations of Paragraph 9 of Halliburton's Amended Counterclaims.

10.     USWS admits that an actual case or controversy exists between USWS and Halliburton.  USWS denies the remaining allegations in Paragraph 10 of Halliburton's Amended Counterclaims.

**First Counterclaim**
**(Declaratory Judgment of Alleged Non-Infringement of the '410 Patent)**

11.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

12.     USWS admits that the pending litigation between USWS and Halliburton establishes an actual case or controversy regarding whether Halliburton infringes the claims of the '410 Patent.  USWS denies any remaining allegations of Paragraph 12 of Halliburton's Amended Counterclaims.

13.     USWS denies the allegations of Paragraph 13 of Halliburton's Amended Counterclaims.

14.     USWS denies the allegations of Paragraph 14 of Halliburton's Amended Counterclaims.

**Second Counterclaim**
**(Declaratory Judgment of Alleged Non-Infringement of the '308 Patent)**

15.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

16.     USWS admits that the pending litigation between USWS and Halliburton establishes an actual case or controversy regarding whether Halliburton infringes the claims of the '308 Patent.  USWS denies any remaining allegations of Paragraph 16 of Halliburton's Amended Counterclaims.

17.     USWS denies the allegations of Paragraph 17 of Halliburton's Amended Counterclaims.

18.     USWS denies the allegations of Paragraph 18 of Halliburton's Amended Counterclaims.

**Third Counterclaim**
**(Declaratory Judgment of Alleged Non-Infringement of the '278 Patent)**

19.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

20.     USWS admits that the pending litigation between USWS and Halliburton establishes an actual case or controversy regarding whether Halliburton infringes the claims of the '278 Patent.  USWS denies any remaining allegations of Paragraph 20 of Halliburton's Amended Counterclaims.

21.     USWS denies the allegations of Paragraph 21 of Halliburton's Amended Counterclaims.

22.     USWS denies the allegations of Paragraph 22 of Halliburton's Amended Counterclaims.

**Fourth Counterclaim**
**(Declaratory Judgment of Alleged Non-Infringement of the '728 Patent)**

23.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

24.     USWS admits that the pending litigation between USWS and Halliburton establishes an actual case or controversy regarding whether Halliburton infringes the claims of the '728 Patent.  USWS denies any remaining allegations of Paragraph 24 of Halliburton's Amended Counterclaims.

25.     USWS denies the allegations of Paragraph 25 of Halliburton's Amended Counterclaims.

26.     USWS denies the allegations of Paragraph 26 of Halliburton's Amended Counterclaims.

**Fifth Counterclaim**
**(Declaratory Judgment of Alleged Non-Infringement of the '601 Patent)**

27.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

28.     USWS admits that the pending litigation between USWS and Halliburton establishes an actual case or controversy regarding whether Halliburton infringes the claims of the '601 Patent.  USWS denies any remaining allegations of Paragraph 28 of Halliburton's Amended Counterclaims.

29.     USWS denies the allegations of Paragraph 29 of Halliburton's Amended Counterclaims.

30.     USWS denies the allegations of Paragraph 30 of Halliburton's Amended Counterclaims.

**Sixth Counterclaim**
**(Declaratory Judgment of Alleged Non-Infringement of the '840 Patent)**

31.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

32.     USWS admits that the pending litigation between USWS and Halliburton establishes an actual case or controversy regarding whether Halliburton infringes the claims of the '840 Patent.  USWS denies any remaining allegations of Paragraph 32 of Halliburton's Amended Counterclaims.

33.     USWS denies the allegations of Paragraph 33 of Halliburton's Amended Counterclaims.

34.     USWS denies the allegations of Paragraph 34 of Halliburton's Amended Counterclaims.

### Seventh Counterclaim
**(Declaratory Judgment of Alleged Non-Infringement of the '030 Patent)**

35.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

36.     USWS admits that the pending litigation between USWS and Halliburton establishes an actual case or controversy regarding whether Halliburton infringes the claims of the '030 Patent.  USWS denies any remaining allegations of Paragraph 36 of Halliburton's Amended Counterclaims.

37.     USWS denies the allegations of Paragraph 37 of Halliburton's Amended Counterclaims.

38.     USWS denies the allegations of Paragraph 38 of Halliburton's Amended Counterclaims.

### Eighth Counterclaim
**(Declaratory Judgment of Alleged Invalidity of the '410 Patent)**

39.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

40.     USWS admits that Halliburton has raised invalidity as a defense to USWS's claim of infringement regarding the '410 Patent.  USWS otherwise denies any remaining allegations of Paragraph 40 of Halliburton's Amended Counterclaims.

41.     USWS denies the allegations of Paragraph 41 of Halliburton's Amended Counterclaims.

42.     USWS denies the allegations of Paragraph 42 of Halliburton's Amended Counterclaims.

## Ninth Counterclaim
### (Declaratory Judgment of Alleged Invalidity of the '308 Patent)

43.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

44.     USWS admits that Halliburton has raised invalidity as a defense to USWS's claim of infringement regarding the '308 Patent.  USWS otherwise denies any remaining allegations of Paragraph 44 of Halliburton's Amended Counterclaims.

45.     USWS denies the allegations of Paragraph 45 of Halliburton's Amended Counterclaims.

46.     USWS denies the allegations of Paragraph 46 of Halliburton's Amended Counterclaims.

## Tenth Counterclaim
### (Declaratory Judgment of Alleged Invalidity of the '278 Patent)

47.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Counterclaims.

48.     USWS admits that Halliburton has raised invalidity as a defense to USWS's claim of infringement regarding the '278 Patent.  USWS otherwise denies any remaining allegations of Paragraph 48 of Halliburton's Amended Counterclaims.

49.     USWS denies the allegations of Paragraph 49 of Halliburton's Amended Counterclaims.

50.     USWS denies the allegations of Paragraph 50 of Halliburton's Amended Counterclaims.

**Eleventh Counterclaim**
**(Declaratory Judgment of Alleged Invalidity of the '728 Patent)**

51.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

52.     USWS admits that Halliburton has raised invalidity as a defense to USWS's claim of infringement regarding the '728 Patent.  USWS otherwise denies any remaining allegations of Paragraph 52 of Halliburton's Amended Counterclaims.

53.     USWS denies the allegations of Paragraph 53 of Halliburton's Amended Counterclaims.

54.     USWS denies the allegations of Paragraph 54 of Halliburton's Amended Counterclaims.

**Twelfth Counterclaim**
**(Declaratory Judgment of Alleged Invalidity of the '601 Patent)**

55.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

56.     USWS admits that Halliburton has raised invalidity as a defense to USWS's claim of infringement regarding the '601 Patent.  USWS otherwise denies any remaining allegations of Paragraph 56 of Halliburton's Amended Counterclaims.

57.     USWS denies the allegations of Paragraph 57 of Halliburton's Amended Counterclaims.

58.     USWS denies the allegations of Paragraph 58 of Halliburton's Amended Counterclaims.

**Thirteenth Counterclaim**
**(Declaratory Judgment of Alleged Invalidity of the '840 Patent)**

59.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

60.     USWS admits that Halliburton has raised invalidity as a defense to USWS's claim of infringement regarding the '840 Patent.  USWS otherwise denies any remaining allegations of Paragraph 60 of Halliburton's Amended Counterclaims.

61.     USWS denies the allegations of Paragraph 61 of Halliburton's Amended Counterclaims.

62.     USWS denies the allegations of Paragraph 62 of Halliburton's Amended Counterclaims.

**Fourteenth Counterclaim**
**(Declaratory Judgment of Alleged Invalidity of the '030 Patent)**

63.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton's Amended Counterclaims.

64.     USWS admits that Halliburton has raised invalidity as a defense to USWS's claim of infringement regarding the '030 Patent.  USWS otherwise denies any remaining allegations of Paragraph 64 of Halliburton's Amended Counterclaims.

65.     USWS denies the allegations of Paragraph 65 of Halliburton's Amended Counterclaims.

66.     USWS denies the allegations of Paragraph 66 of Halliburton's Amended Counterclaims.

## HALLIBURTON & HALLIBURTON TECHNOLOGIES' COUNTERCLAIMS FOR PATENT INFRINGEMENT

2.      USWS admits that Defendants Halliburton and Halliburton Technologies assert patent infringement claims of the patents defined as the "Asserted Halliburton Patents" in the Amended Counterclaims and that this action arises under the patent laws of the United States. USWS denies any remaining allegations of Paragraph 2 of Halliburton & Halliburton Technologies' Counterclaims.

3.      USWS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of Halliburton & Halliburton Technologies' Counterclaims, and therefore denies the allegations.

4.      USWS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of Halliburton & Halliburton Technologies' Counterclaims, and therefore denies the allegations.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      USWS admits that Paragraph 9 appears to include a photograph of USWS's Clean Fleet PowerPath equipment from USWS's Website.  USWS otherwise denies the remaining allegations of Paragraph 9.

### The Asserted Halliburton Patents

10.     USWS admits that, on its face, U.S. Patent No. 10,948,472 ("the '472 Patent") is entitled "Discrete Emissions Detection for a Site" and lists an issue date of March 16, 2021 and an assignment to Halliburton Energy Services, Inc.  USWS denies that the '472 Patent is valid.

USWS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 10, and therefore denies the allegations.

11.     USWS admits that, on its face, U.S. Patent No. 10,900,475 ("the '475 Patent") is entitled "Distribution Unit" and lists an issue date of January 26, 2021 and an assignment to Halliburton Energy Services, Inc.  USWS denies that the '475 Patent is valid.  USWS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 11, and therefore denies the allegations.

12.     USWS admits that, on its face, U.S. Patent No. 9,435,333 ("the '333 Patent") is entitled "Corrosion Resistant Fluid Ends for Well Service Pumps" and lists an issue date of September 6, 2020 and an assignment to Halliburton Energy Services, Inc.  USWS denies that the '333 Patent is valid.  USWS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 12, and therefore denies the allegations.

13.     USWS admits that, on its face, U.S. Patent No. 7,836,949 ("the '949 Patent") is entitled "Method and Apparatus for Controlling the Manufacture of Well Treatment Fluid" and lists an issue date of November 23, 2010 and an assignment to Halliburton Energy Services, Inc. USWS denies that the '949 Patent is valid.  USWS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 13, and therefore denies the allegations.

14.     USWS admits that, on its face, U.S. Patent No. 7,574,325 ("the '325 Patent") is entitled "Methods to Monitor System Sensor and Actuator Health and Performance" and lists an issue date of August 11, 2019 and an assignment to Halliburton Energy Services, Inc.  USWS denies that the '325 Patent is valid.  USWS lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations set forth in Paragraph 14, and therefore denies the allegations.

15.     USWS admits that, on its face, U.S. Patent No. RE 47,695 ("the '695 Patent") is entitled "Electric or Natural Gas Fired Small Footprint Fracturing Fluid Blending and Pumping Equipment" and lists an issue date of November 5, 2019 and an assignment to Halliburton Energy Services, Inc.  USWS denies that the '695 Patent is valid.  USWS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 15, and therefore denies the allegations.

16.     USWS admits that, on its face, U.S. Patent No. RE 46,725 ("the '725 Patent") is entitled "Electric or Natural Gas Fired Small Footprint Fracturing Fluid Blending and Pumping Equipment" and lists an issue date of February 20, 2018 and an assignment to Halliburton Energy Services, Inc.  USWS denies that the '725 Patent is valid.  USWS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 16, and therefore denies the allegations.

17.     USWS lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, and therefore denies the allegations.

**Fifteenth Counterclaim**
**(Alleged Infringement of U.S. Patent No. 10,948,472)**

18.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton & Halliburton Technologies' Counterclaims.

19.     Denied.

20.     Denied.

21.     Denied.

22.     USWS admits that Paragraph 22 of Halliburton & Halliburton Technologies' Counterclaims appears to accurately recite Claim 1 of the '472 Patent.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

**Sixteenth Counterclaim**
**(Alleged Infringement of U.S. Patent No. 10,900,475)**

31.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton & Halliburton Technologies' Counterclaims.

32.     Denied.

33.     Denied.

34.     Denied.

35.     USWS admits that Paragraph 35 of Halliburton & Halliburton Technologies' Counterclaims appears to accurately recite Claim 1 of the '475 Patent.

36.     USWS admits that its 10-K/A statement, which is not attached as an exhibit to Halliburton & Halliburton Technologies' Counterclaims, appears to state "replaces with traditional engines, transmission, and radiators with electric motors powered by electricity created by turbine generators."  USWS admits that page 18 of its Clearing the Air White Page, which is not attached as an exhibit to Halliburton Technologies' Counterclaims, appears to state "electric-motor driven

pumps powered by natural gas generators." USWS denies the remaining allegations of Paragraph 36.

37.     USWS admits that the two images included in Paragraph 37 appear to be from USWS's website. USWS further admits that its Clearing the Air White Paper, which is not attached as an exhibit to Halliburton Technologies' Counterclaims, appears to state "electricity from the power generation equipment may be located up to several miles away, potentially powering multiple pads at the same time." USWS further admits that USWS's website appears to state "PowerPath® technology allows power generation to be centrally located among multiple hydraulic fracturing pads and to transmit power several miles away via overhead lines to on-site Clean Fleet® pumping equipment. Utilizing high voltage electricity allows the power to be sent multiple miles without power losses that come from low and medium voltage systems. The use of switchgear on both sides of the high voltage highline cables provide important safeguards." USWS denies the remaining allegations of Paragraph 37.

38.     Denied.

39.     Denied.

**Seventeenth Counterclaim**
**(Alleged Infringement of U.S. Patent No. 9,435,333)**

40.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton & Halliburton Technologies' Counterclaims.

41.     Denied.

42.     Denied.

43.     Denied.

44.     USWS denies Claim 1 of the '333 Patent contains the number 13, as set forth in Paragraph 44 of the Complaint, and thus denies that Paragraph 44 accurately quotes Claim 1 of the '333 Patent.

45.     USWS admits that the image included in Paragraph 45 of Halliburton & Halliburton Technologies' Counterclaims appears to be from USWS's website.  USWS denies the remaining allegations of Paragraph 45.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

**Eighteenth Counterclaim**
**(Alleged Infringement of U.S. Patent No. 7,836,949)**

50.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton & Halliburton Technologies' Counterclaims.

51.     Denied.

52.     Denied.

53.     Denied.

54.     USWS admits that Paragraph 54 of Halliburton & Halliburton Technologies' Counterclaims appears to accurately recite Claim 1 of the '949 Patent.

55.     Denied.

56.     USWS admits that the image included in Paragraph 56 of Halliburton & Halliburton Technologies' Counterclaims appears to be from USWS's website.  USWS denies the remaining allegations of Paragraph 56.

57.     USWS admits that the image included in Paragraph 57 of Halliburton & Halliburton Technologies' Counterclaims appears to be from USWS's website.  USWS denies the remaining allegations of Paragraph 57.

58.     USWS admits that the image included in Paragraph 58 of Halliburton & Halliburton Technologies' Counterclaims appears to be from USWS's website.  USWS denies the remaining allegations of Paragraph 58.

59.     USWS admits that a press release on USWS's website appears to state "provides automatic intelligent pump rate control based on the continuous monitoring of equipment health conditions."  USWS denies the remaining allegations of Paragraph 59.

60.     Denied.

### Nineteenth Counterclaim
### (Alleged Infringement of U.S. Patent No. 7,574,325)

61.     USWS incorporates by reference its responses to the preceding paragraphs of Halliburton & Halliburton Technologies' Counterclaims.

62.     Denied.

63.     Denied.

64.     Denied.

65.     USWS admits that Paragraph 65 of Halliburton & Halliburton Technologies' Counterclaims appears to accurately recite Claim 9 of the '325 Patent.

66.     Denied.

67.     USWS admits that a press release on USWS's website appears to state "provides automatic intelligent pump rate control based on the continuous monitoring of equipment health conditions."  USWS denies the remaining allegations of Paragraph 67.

68.     Denied.

69.   Denied.

70.   Denied.

**Twentieth Counterclaim**
**(Alleged Infringement of U.S. Patent No. RE 47,695)**

71.   USWS incorporates by reference its responses to the preceding paragraphs of Halliburton & Halliburton Technologies' Counterclaims.

72.   USWS admits that it refers to its "Clean Fleet" product on USWS's website.  USWS denies the remaining allegations of Paragraph 72.

73.   Denied.

74.   Denied.

75.   USWS admits that Paragraph 75 of Halliburton & Halliburton Technologies' Counterclaims appears to accurately recite Claim 56 of the '695 Patent.

76.   Denied.

77.   USWS admits that the image included in Paragraph 77 of Halliburton & Halliburton Technologies' Counterclaims appears to be from USWS's website.  USWS denies the remaining allegations of Paragraph 77.

78.   Denied.

79.   Denied.

80.   Denied.

**Twenty First Counterclaim**
**(Alleged Infringement of U.S. Patent No. RE 47,725)**

81.   USWS incorporates by reference its responses to the preceding paragraphs of Halliburton & Halliburton Technologies' Counterclaims.

17

82.     USWS admits that it refers to its "Clean Fleet" product on USWS's website.  USWS denies the remaining allegations of Paragraph 82.

83.     Denied.

84.     Denied.

85.     USWS admits that Paragraph 85 of Halliburton & Halliburton Technologies' Counterclaims appears to accurately recite Claim 83 of the '725 Patent.

86.     Denied.

87.     USWS admits that the image included in Paragraph 87 of Halliburton & Halliburton Technologies' Counterclaims appears to be from USWS's website.  USWS denies the remaining allegations of Paragraph 87.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

## **JURY DEMAND**

USWS admits that Halliburton & Halliburton Technologies' Counterclaims set forth a demand for a jury trial.  USWS also respectfully requests a trial by jury of all issues so triable.

## **HALLIBURTON & HALLIBURTON TECHNOLOGIES' PRAYER FOR RELIEF**

To the extent a response is required, USWS denies the allegations set forth in Halliburton & Halliburton Technologies' Prayer for Relief.  USWS further denies that Defendant Halliburton or Halliburton Technologies' is entitled to any relief whatsoever, including any of the relief of Paragraphs (A)-(H) of its Prayer for Relief.

## U.S. WELL SERVICES, LLC'S DEFENSES

USWS alleges and asserts the following defenses in response to the allegation set forth in Halliburton's Amended Counterclaims and Halliburton & Halliburton Technologies' Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below.  USWS reserves all rights to allege additional defenses that become known during the course of discovery.

USWS incorporates by reference its response to the allegations in Paragraphs 1-66 of Halliburton's Amended Counterclaims and Paragraphs 2-92 of Halliburton & Halliburton Technologies' Counterclaims as set forth above as if those responses have been fully set forth herein.

### FIRST DEFENSE
### (Non-Infringement)

1.      USWS does not infringe, and has not infringed, any claim of the Asserted Halliburton Patents, either literally or under the doctrine of equivalents, nor has USWS actively induced or contributed to any infringement of the Asserted Halliburton Patents.

### SECOND DEFENSE
### (Invalidity)

2.      The asserted claims of the Asserted Halliburton Patents are invalid because they fail to satisfy the conditions of patentability specified in 35 U.S.C. § 100 et seq., including, but not limited to, §§ 101, 102, 103, and 112.

### THIRD DEFENSE
### (Limitation on Damages)

3.      Halliburton and Halliburton Technologies, individually or collectively, are barred in whole or in part from recovering any damages for any alleged infringement of the Asserted Halliburton Patents pursuant to 35 U.S.C. §§ 286, 287, and/or 288.

## FOURTH DEFENSE
## (No Willful Infringement)

4.      USWS has not and does not willfully infringement any valid and enforceable claim of the Asserted Halliburton Patents.

## FIFTH DEFENSE
## (No Attorney Fees)

5.      Halliburton and Halliburton Technologies, individually or collectively, cannot prove that this is an exceptional case justifying an award of attorneys fees against USWS pursuant to 35 U.S.C. § 285.

## SIXTH DEFENSE
## (No Injunctive Relief)

6.      Halliburton and Halliburton Technologies, individually or collectively, are not entitled to injunctive relief, either preliminary or permanent, at least because any alleged injury to Halliburton or Halliburton Technologies is not immediate or irreparable and both Halliburton and Halliburton Technologies have an adequate remedy at law for its claims.

## SEVENTH DEFENSE
## (Failure to State a Claim)

7.      To the extent Halliburton & Halliburton Technologies' Counterclaims alleges a claim for indirect infringement or willful infringement, Halliburton and Halliburton Technologies have failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE
## (Laches, Estoppel, Waiver, Acquiescence, and Unclean Hands)

8.      Halliburton and Halliburton Technologies' counterclaims are barred in whole or in part by one or more of the doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands from enforcing or claiming damages with respect to the asserted claims of the Asserted Halliburton Patents.

## NINTH DEFENSE
### (Doctrine of Equivalents and Prosecution History Estoppel)

9.      Halliburton and Halliburton Technologies' counterclaims are barred under the doctrine of prosecution history estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff U.S. Well Services, LLC respectfully requests the following relief:

A.      Enter judgment that Defendant Halliburton has infringed and is infringing the '410 Patent, the '308 Patent, the '278 Patent, the '728 Patent, the '601 Patent, the '840 Patent, and the '030 Patent literally and/or under the doctrine of equivalents;

B.      Enter judgment that Defendant Cimarex has infringed and is infringing the '308 Patent, the '840 Patent and the '030 Patent literally and/or under the doctrine of equivalents

C.      Enter judgment that Defendant Halliburton has induced and or contributed to the infringement by its customers of the '410 Patent, the '308 Patent, the '278 Patent, the '728 Patent, the '601 Patent, the '840 Patent, and the '030 Patent.

D.      Enter judgment that the '410 Patent, the '308 Patent, the '278 Patent, the '728 Patent, the '601 Patent, the '840 Patent, and the '030 Patent are not invalid.

E.      Enter judgment that Defendants Halliburton and Cimarex's infringement was and continues to be willful;

F.      Enter an Order enjoining Defendant Halliburton, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant Halliburton, who receive notice of the order from further infringement of the '410 Patent, the '308 Patent, the '278 Patent, the '728 Patent, the '601 Patent, the '840 Patent, and the '030 Patent;

G.      Enter an Order enjoining Defendant Cimarex, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant Cimarex, who receive notice of the order from further infringement of the '308 Patent, the'840 Patent and the '030 Patent;

H.      Award USWS damages in an amount sufficient to compensate it for Defendants Halliburton and Cimarex's infringement of the '410 Patent, the '308 Patent, the '278 Patent, the '728 Patent, the '601 Patent, the '840 Patent, and the '030 Patent, including enhanced damages, together with pre-judgment and post-judgment interest and costs in accordance with 35 U.S.C. § 284;

I.      Award USWS an accounting for acts of infringement not presented at trial and an award by the Court of additional damages for any such acts of infringement;

J.      Enter judgment that USWS has not infringed and is not infringing any claim of the '472 Patent, the '475 Patent, the '333 Patent, the '949 Patent, the '325 Patent, the '695 Patent, or the '725 Patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

K.      Enter judgment that all claims of the '472 Patent, the '475 Patent, the '333 Patent, the '949 Patent, the '325 Patent, the '695 Patent, or the '725 Patent are invalid.

L.      Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff attorney fees, expenses, and costs incurred in this action; and

M.      Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  August 12, 2021                              Respectfully submitted,

                                                     By: /s/ John A. Yates

John A. Yates
Texas Bar No. 24056569
jyates@pattersonsheridan.com

John H. Barr, Jr.
Texas Bar No. 00783605
jbarr@pattersonsheridan.com

B. Todd Patterson
Texas Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie K. Cameron
Texas Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar N. Gonzalez
Texas Bar No. 24092431
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

*Attorneys for Plaintiff,*
*U.S. Well Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I caused the foregoing to be electronically served to all counsel of record.

/s/ John A. Yates
John A. Yates

Roger J. Fulghum
Michael Hawes (*admitted pro hac vice*)
**BAKER BOTTS LLP**
910 Louisiana
Houston, TX 77002
roger.fulghum@bakerbotts.com
michael.hawes@bakerbotts.com

David M. Genender (*admitted pro hac vice*)
Susan Cannon Kennedy (*admitted pro hac vice*)
Kirstie Wallace
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
david.genender@bakerbotts.com
susan.kennedy@bakerbotts.com
kirstie.wallace@bakerbotts.com

Syed K. Fareed
**BAKER BOTTS L.L.P.**
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4078
syed.fareed@bakerbotts.com

*Attorneys of Record for Defendant Halliburton and Halliburton Technologies*

Brian Christopher Nash
Steven P. Tepera
Timothy Franklin Dewberry
Austin Michael Schnell
**Pillsbury Winthrop Shaw Pittman LLP**
401 Congress Avenue, Suite 1700
Austin, TX 78701
brian.nash@pullsburylaw.com
steven.tepera@pillsburylaw.com
tim.dewberry@pillsburylaw.com
austin.schnell@pillsburylaw.com

*Attorneys of Record for Defendant Cimarex Energy Co.*