IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| U.S. Well Services, Inc., and<br>U.S. Well Services, LLC,<br><br>     Plaintiffs,<br><br>          v.<br><br>Halliburton Company, and<br>Cimarex Energy Co.,<br><br>     Defendants. | Case No.  6:21-cv-367-ADA<br><br><br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER DENYING MOTION
FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Before the Court is Plaintiff and Counter-Defendant U.S. Well Services, LLC's ("USWS") request to amend its invalidity contentions to assert certain prior art patents and publications. Defendant and Counter-Plaintiff Halliburton Energy Services, Inc. ("Halliburton") opposes this request. The parties' position is summarized as follows:

**USWS's Position**

USWS seeks permission to update its Final Invalidity Contentions prior to Opening Expert Reports in part in response to Halliburton's changing its asserted priority dates and in part in view of narrowing the issues for trial. USWS granted this courtesy to Halliburton two months ago. *See* Dkt. 101.

Halliburton's Final Infringement Contentions, served after USWS's Final Invalidity Contentions, changed the asserted priority dates for each asserted patent.

| Patent | Asserted Priority Date | |
|---|---|---|
| | Preliminary | Final |
| '333 | 12/21/2011 | 7/31/2009 |
| '949 | 3/27/2007 | 10/27/2005 |

1

| | | |
|---|---|---|
| '325 | 1/31/2007 | 12/21/2005 |
| '695 | 9/11/2009 | 8/2/2005 |
| '725 | 9/11/2009 | 8/2/2005 |

On Thursday, July 21, 2022, Halliburton again sought permission to change priority for the '333 patent by 2 additional years to 1/29/2007.

The next day, USWS sought permission to update its Final Invalidity Contentions via a Supplement ("Supplement"), which Halliburton opposed.

USWS's Supplement adds 7 prior art references (including one that is the printed publication of a charted US reference) and drops 13 prior art references.  USWS believes this focusing of the issues prior to expert reports is appropriate and in keeping with this Court's instructions regarding narrowing of the issues.

The new references have been recently found through work with experts and work on IPR Petitions on 4 of the 5 patents filed on June 18, 2022.

The new references should narrow issues, including Halliburton's lack of diligence in this litigation, including for 4 or 5 years in cases, which USWS believes Halliburton will not be able to prove.

Halliburton will not be prejudiced in that although fact discovery is closed, as Halliburton did not ask any fact witnesses about any individual pieces of prior art.  Further, Halliburton's request to amend its Final Infringement Contentions the day before USWS's written request belies any argument that it is prejudiced.

The typical factors favor allowing the supplement.  Under Factor 1, it was impossible for USWS to provide Final Invalidity Contentions at the deadline as Halliburton changed its asserted priority dates only after USWS served its Final Invalidity Contentions.  Under Factor 2, the importance weighs in favor of USWS as the supplement allows USWS to fully present its

invalidity theories. Under Factor 3, Halliburton cannot show prejudice, as discussed above. Under Factor 4, a short continuance is available but unnecessary, as USWS plans to serve opening expert report according to the current schedule.

**<u>Halliburton's Position</u>**

USWS's request is the epitome of sandbagging. ***More than four months*** after the final contention deadline and on the last day of discovery, USWS sought to drastically change its invalidity theories by adding 6 references. USWS relief should be rejected as untimely.

Factor 1: USWS is not diligent. Each new reference is a patent/publication that should have been discovered had a diligent prior-art search been performed at the outset. USWS blames Halliburton for identifying earlier priority dates in final contentions—but USWS fails to explain why it waited ***more than four months*** after the final contentions to amend its contentions. USWS's amendment does not "narrow" the case; instead, it shifts USWS's invalidity case at the eleventh-hour to a new set of theories with only days left in expert reports.

USWS claims these new references were found while working on IPRs with its experts. But these IPRs were filed on June 18, 2022—more than five-weeks ago. Presumably, USWS began working on these IPRs weeks, if not months, prior to June 18, 2022. If these references were found weeks/months ago, why did USWS wait until discovery cut-off to spring them in the litigation? Judge Albright's ruling in *Freshub* is instructive where he denied a similar motion to amend invalidity contentions near discovery cut-off because "Defendants have not been diligent in timely supplementing their invalidity contentions to include [] art." *Freshub v. Amazon*, 2021 WL 8202605 (Feb. 10, 2021).

Two of the references USWS adds (*Gambier* and *Stephenson*) were identified on the face of the Halliburton patents, which USWS knew about since at least June 21, 2021—further

casting doubt into USWS's narrative that it learned about these references recently. USWS's lack of diligence is inexplicable under factor (1).

Factor 2: USWS fails to show the amendment is important. The table below summarizes the facts:

| Prior-Art Added | In USWS's IPR? | Listed on the Halliburton Patents? |
|---|---|---|
| 2009/0081034 (Gambier) (C8) | ***No*** | ***Yes*** |
| Miyasaka Publication (C9) | ***No*** | No |
| 2,306,590 (Vicknair) (D5) | ***No*** | No |
| 5,365,435 (Stephenson) (D6) | Yes | ***Yes*** |
| 6,853,920 (Hsiung) (E5) | ***No*** | No |
| 4,169,506 (Domelen) (F10) | ***No*** | No |

Of the 6 references added, 5 are not even in USWS's IPRs, reflecting USWS's own assessment of the reference's strength. Had these references been important for USWS's invalidity case, USWS would have included them in IPRs and not waited until the discovery cut-off to amend contentions.

Factors 3-4: USWS's tactics will cause significant prejudice to Halliburton that cannot be cured with a continuance. Because of USWS's delay, Halliburton was afforded no opportunity to conduct depositions (or other discovery) of any prior-art author/inventor whose reference is added. A continuance will not remedy the prejudice because this is a competitor case where Halliburton seeks a permanent injunction. Any extension of trial will delay the remedy Halliburton seeks while eroding its market share. *See Peleton, v. Flywheel*, 2:18-cv-00390-RWS-RSP, 2020 WL 338124, *3 (E.D. Tex.) (denying leave to amend invalidity contentions because continuance would prejudice Pelton, which was seeking a permanent injunction in a case between competitors).

USWS's request fails each of the four factors.

**Court's Order**

Having heard the parties' arguments, the request is **DENIED**. The Court finds that USWS is not able to satisfy the four-factor test in the Fifth Circuit. In assessing whether leave to amend contentions should be granted, the Court considers:

(1) explanation for failure to meet the deadline;

(2) importance of the thing that would be excluded;

(3) potential prejudice in allowing the thing that would be excluded; and

(4) availability of a continuance to cure such prejudice.

*S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, NA, 315 F.3d 533, 535–36 (5th Cir. 2003).

USWS's request was made on July 22, 2022, which is four months after it was on notice of Halliburton's earlier conception dates provided on March 18, 2022. The Court finds that USWS knew or should have known of certain prior art references (*i.e.*, U.S. Patent Publication 2009/0081034 to Gambier and U.S. Patent No. 5,365,435 to Stephenson) at least as early as June 2021 because they were listed on the face of Halliburton's patents. The remaining references (*i.e.*, the Miyasaka Publication, the MatWeb Material Property Data, "The Use of Stainless Steel in Structures" by L. Gardner, CA Patent Publication 2,306,590 to Vicknair, U.S. Patent No. 6,853,920 to Hsiung, and U.S. Patent No. 4,169,506 to Domelen) were known to USWS at least by June 18, 2022 when it filed its IPR petitions with the PTAB. The delay between the time USWS knew about these references and the date when it sought amendment does not reflect diligence under the first factor.

The lack of importance of the amendment also favors denying the request. At the hearing, counsel for USWS informed the Court that the references being added will be relied on for obviousness under 35 U.S.C. §103. Thus, the amendment does not appear to be important enough to be added at this stage of the case.

There is also prejudice in allowing the amendment at this late stage of the case. Fact discovery has already concluded and opening expert reports are scheduled to be served on August 12, 2022. The parties have already extended the schedule at least once. The parties in this case are competitors, and any further extensions to accommodate this amendment will prejudice Halliburton as it seeks a permanent injunction against USWS. Therefore, this Court is of the opinion that the prejudice in allowing the amendment cannot be cured by any continuance, and a continuance would further prejudice Halliburton.

For the foregoing reasons, the Court denies USWS's request for leave to amend its invalidity contentions.

SO ORDERED on this 31st day of August, 2022.

HON. DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE