**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| U.S. Well Services, Inc., and <br> U.S. Well Services, LLC, <br><br> Plaintiffs <br><br> v. <br><br> Halliburton Company, and <br> Cimarex Energy Co., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § Case No. 6:21-cv-00367-ADA-DTG <br> § <br> § JURY TRIAL DEMANDED <br> § <br> § <br> § |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS AND DEFENDANT CIMAREX'S MOTION FOR SUMMARY JUDGMENT**

**TO:    THE HONORABLE ALAN D ALBRIGHT,
         UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff U.S. Well Services, LLC's ("USWS") Opposed Motion to Dismiss All Claims against Cimarex Energy Co. ("Cimarex") without Prejudice (ECF No. 129); and Defendant Cimarex Energy Co.'s Motion for Summary Judgment of Non-Infringement (ECF No. 132). The Court heard oral arguments on these motions on November 3, 2022. Having considered the parties' submissions, exhibits, and oral argument, the Court recommends that USWS's Motion to Dismiss should be **GRANTED** with the modification that the case be **DISMISSED WITH PREJUDICE**; and Cimarex's Motion for Summary Judgment should be **DENIED** as **MOOT**.

1

The only issue before the Court is how to dismiss Cimarex from this case. In April 2021, USWS filed its original complaint accusing Cimarex of infringing U.S. Patent Numbers 9,745,840 (the '840 Patent) and 10,408,030 (the '030 Patent), both of which are entitled "Electric Powered Pump Down." *See* ECF No. 1.[1] USWS's infringement allegations relate to Cimarex's use of Co-Defendant Halliburton Company's ("Halliburton") electric fracturing fleet, and there is no dispute that the asserted claims of the '840 and '030 Patents require use of electrically powered pump-down pumps to infringe.

On July 27, 2022, USWS inspected Cimarex's only well site deploying Halliburton's electric fracturing fleet. ECF No. 133 at 15–16; *see also* Declaration of Matthew Stephens, ECF No. 133-1 ("Stephens Decl.") ¶ 9. There, USWS observed diesel—as opposed to electric—pump down operations. ECF No. 133 at 12. USWS proceeded to take Cimarex's Rule 30(b)(6) deposition on August 2, 2022, where it received sworn testimony that Cimarex did not and does not use electric pump down. *Id*. at 11; Stephens Decl. ¶ 2. The site inspection and deposition of Cimarex's corporate representative confirmed for USWS that Cimarex did not and does not use electric motors to power pump-down pumps and therefore does not infringe any asserted claim of the '840 or '030 Patents. *Id*.

Shortly after the deposition, the parties discussed dismissing Cimarex from this case. Stephens Decl. ¶ 12. But USWS and Cimarex could not agree on the proper mechanism to dismiss

---

[1] USWS's Second Amended Complaint alleged that Cimarex also infringes U.S. Patent No. 10,337,308, *see* ECF No. 32, which the District Court subsequently ruled is invalid for being indefinite under 35 U.S.C. § 112. The Court granted summary judgment of invalidity and no claims of the '308 patent remain asserted in this case. *See* ECF No. 104. Thus, only the '840 and '030 Patents are currently asserted against Cimarex.

Cimarex. USWS sought a dismissal without prejudice, citing concerns about timeline for potential appeals. *Id*. Cimarex requested dismissal with prejudice.

On August 19, 2022, USWS filed an opposed motion to dismiss all claims against Cimarex without prejudice. *See* ECF No. 129. Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." If the Court concludes that "dismissal without prejudice would . . . cause[] . . . plain legal prejudice, the district court . . . c[an] deny the motion or . . . craft reasonable conditions that would eliminate the prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 319 (5th Cir. 2002).

Cimarex filed a response in opposition, ECF No. 133, as well as a motion for summary judgment of non-infringement, ECF No. 132. Cimarex argues that dismissal without prejudice would cause it plain legal prejudice because fact discovery has closed, expert reports have been exchanged, and USWS concedes there is no evidence that Cimarex infringes either patent. Thus, Cimarex requests finality either through dismissal with prejudice or by summary judgment on the merits.

The Court notes that USWS acted quickly to dismiss the case against Cimarex once it became apparent that it lacked evidence that Cimarex infringes the '840 and '030 Patents. Nevertheless, the Court finds that granting USWS's motion to dismiss as filed—that is without prejudice—would cause Cimarex plain legal prejudice. "There is a big difference between a dismissal without prejudice and a dismissal with prejudice, as their names reveal…The big difference is finality. A dismissal without prejudice means that the parties return to square one, as if the litigation hadn't happened. So the door to future litigation is open. But a dismissal with prejudice means that the court resolved the case in a manner that affects the parties' rights. So the door to future litigation is closed." *Nilssen v. Osram Sylvania, Inc.*, No. 03-CV-2962, 2022 WL

523133, at *6–7 (N.D. Ill. Feb. 22, 2022). The Court recommends dismissal with prejudice as to USWS's infringement claims against Cimarex of the '840 and '030 Patents as the most appropriate condition to alleviate prejudice to Cimarex and to provide finality on the dispute between the parties.

Accordingly, the Court recommends that Plaintiff U.S. Well Services, LLC's Opposed Motion to Dismiss All Claims against Cimarex Energy Co. without Prejudice (ECF No. 129) be be modified and **GRANTED WITH PREJUDICE**; and that Defendant Cimarex Energy Co.'s Motion for Summary Judgment of Non-Infringement be **DENIED** as **MOOT**.

It is further recommended that the Court retains jurisdiction to rule on any motion for severance or for fees filed in accordance with 35 U.S.C. 285.

### OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

Signed this 14th day of December, 2022.

                                                                  DEREK T. GILLILAND
                                                                  UNITED STATES MAGISTRATE JUDGE